IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Darrell Clay Cox                                                                                    Plaintiff

v.                                        No. 3:15-CV–190-SWW-PSH

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                          Defendant

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge

Susan Webber Wright.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright

may adopt the recommended disposition without independently reviewing all of the

record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Darrell Clay Cox seeks judicial review of the denial of his application for social security disability benefits.[3]  Cox's last reported earnings flowed from operating a punch press for Hytrol Conveyor Company.[4]  He lost his job in December 2005, when his employer learned about his criminal history.[5]  In April 2012, he applied for disability benefits and claimed he has been disabled since December 2005.  He based disability on back problems, arthritis, shoulder pain, bipolar disorder, depression, and a broken clavicle.[6]

**The Commissioner's decision**.  The Commissioner's ALJ identified non-union of right-clavicle fracture, affective disorder, and substance abuse disorder as severe impairments.[7]  The ALJ determined Cox could do some light work.[8]  The ALJ questioned a vocational expert, identified jobs Cox could do, and denied the

---

[3]SSA record at pp. 123 & 127 (applying on Apr. 12, 2012 and alleging disability beginning Dec. 1, 2005).

[4]*Id*. at pp. 165.  Cox claimed that he stopped working in 2005, after he was terminated from Hytrol, but the record indicates he ran a tree and firewood business in 2006, *id*. at 212, and worked for a family business in 2012, *id*. at p. 278.

[5]*Id*. at p. 244.

[6]*Id*. at p. 145.

[7]*Id*. at p. 10.

[8]*Id*. at p. 12.

application.[9]  After the Commissioner's Appeals Council denied a request for review,[10]

Cox filed this case to challenge the decision.[11]  Although Cox was represented by an

attorney in the agency proceeding, he proceeds pro se for this review.  This

recommended disposition explains why the court should affirm the decision.

**Cox's allegations**.  In his brief, Cox generally challenges the denial of his

application,[12] and complains about a deterioration of his medical conditions.  Even if his

conditions have deteriorated, the court must review the record that was before the ALJ

and consider the time period for which benefits were denied.[13]

**Applicable legal principles**.  The court must determine whether substantial

evidence supports the decision.[14]  For substantial evidence to exist, a reasonable mind

must accept the evidence as adequate to show Cox can do some light work and work

exists that Cox can do.[15]  A reasonable mind will accept the evidence as adequate for the

---

[9]*Id*. at p. 17.

[10]*Id*. at p. 1.

[11]Docket entry # 1.

[12]Docket entry # 14.

[13]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) ("Evidence is material if it is 'relevant to claimant's condition for the time period for which benefits were denied.'").

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

following reasons:

    **1. Medical evidence established no disabling physical impairment**.  A claimant must prove disability with medical evidence; his allegations are not enough.[16]  Cox based disability on several physical allegations — back problems, arthritis, shoulder pain from a broken clavicle, foot pain, hip pain, back pain, and headaches — but medical evidence established one impairment — non-union of right clavicle fracture.[17]

    According to Cox, he fractured his right clavicle in the 1990s in a horseback-riding accident.[18]  Despite the non-union of the fracture, Cox worked for many years.  That effort shows the right-clavicle impairment is not disabling.  Although not disabling, the impairment likely causes neck and right-shoulder pain.  According to medical experts, the impairment permits light work with right-arm limitations: occasional overhead

---

[16]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[17]SSA record at p. 230.

[18]*Id*. at pp. 216, 226 & 242.

reaching, pushing, and pulling with the right arm.[19]

The right-arm limitation is consistent with Cox's complaint that he cannot comfortably reach with his right arm.[20]  A reasonable mind will accept the evidence as adequate to support the decision, because the ALJ required light work and limited the use of the right arm.

**2.  Medical evidence established no disabling mental impairment**.  Cox also based his claim on mental impairment: bipolar disorder and depression.  There's no medical evidence of bipolar disorder or depression, but treatment records show a primary care provider diagnosed anxiety and prescribed a benzodiazepine.[21]

The mental diagnostic examiner diagnosed anxiety disorder.[22]  During the mental diagnostic exam, Cox reported a history of methamphetamine addiction and marijuana use.[23]  He also reported episodic use of marijuana to supplement the prescribed benzodiazepine.  According to the examiner, Cox could "likely … cope with the typical demands of basic work-like tasks," "appear[ed] to have the capacity to sustain persistence in completing tasks," and had "the capacity to complete work-like tasks within an acceptable timeframe."[24]

Agency medical experts limited Cox to work involving routine, superficial interpersonal contact; tasks with several variables learned by experience; judgment within limits; and little supervision for routine tasks and

---

[19]*Id*. at pp. 235 & 294.

[20]*Id*. at p. 278.

[21]*Id*. at p. 283.

[22]*Id*. at p. 248.

[23]*Id*. at p. 242.

[24]*Id*. at p. 249.

detailed for non-routine tasks.[25]  A reasonable mind will accept the evidence as adequate to support the decision, because this is the type of work the ALJ required.

**3.  Vocational evidence supports the decision**.  A vocational expert classified Cox's past work as a tree trimmer as heavy work, and his work as a punch press operator as medium work.[26]  Because this work exceeded light work, the ALJ determined that Cox can no longer do his past work. The ALJ then asked the vocational expert about available work for a person with Cox's limitations.  The vocational expert identified blending tank tender helper and counter clerk.[27]  The availability of this work shows work exists that Cox can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[28]  Thus, the ALJ properly denied the application.

### Conclusion and Recommended Disposition

A reasonable mind will accept the evidence as adequate to support the determination that Cox can do some light work and work exists that Cox can do.  Thus, the undersigned magistrate judge recommends DENYING Cox's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 13th day of June, 2016.

_____
United States Magistrate Judge

---

[25]*Id*. at pp. 256 & 293.

[26]*Id*. at p. 45.

[27]*Id*. at pp. 46-47.

[28]42 U.S.C. § 1382c(a)(3)(B).